No. 24-2914

**UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

ABIGAIL FARELLA et al.,
Plaintiffs-Appellees

v.

DISTRICT JUDGE A.J. ANGLIN,
Defendant-Appellant.

On Appeal from the United States District
Court for the Western District of Arkansas
No. 5:22-CV-5121 (Hon. Timothy L. Brooks)

MOTION FOR THE DEASON CRIMINAL JUSTICE REFORM CENTER AS AMICUS CURIAE TO PARTICIPATE IN ORAL ARGUMENT

Pursuant to Rule 29(a)(8) of the Federal Rules of Appellate Procedure, the Deason Criminal Justice Reform Center at SMU Dedman School of Law (Deason Center) seeks permission to participate in oral argument of this appeal. In support of this motion, the Center provides as follows:

1. This Court has scheduled oral argument in this case for September 18, 2025, and has allotted 20 minutes per side.

2. On March 4, 2025, the Deason Center filed its brief as amicus curiae in support of plaintiffs-appellees under Rule 29(a) of the Federal Rules of Appellate Procedure.

3. This case presents the important question of whether people arrested and accused of crimes are entitled to counsel at their Rule 8.1 initial court appearance in Arkansas. The District Court found that the Sixth Amendment right to counsel applies at these hearings.

4. The Deason Center works with states across the country to provide assistance for public defense programs. While the Center works in a number of jurisdictions, it has a particular focus on supporting programs in rural settings. Much of the Center's work on access to counsel supports programs that provide counsel at the initial appearance before a judicial officer.

5. In recent years, the Deason Center has been engaged in education and advocacy on access to counsel in Arkansas. In 2024, the Center published a report on Arkansas initial appearances.[1] The Center gave presentations on these issues to the Arkansas Public Defender Commission in 2022, and at several Arkansas universities in 2024. The Center also testified before the Arkansas Advisory Committee to the United States Commission on Civil Rights in 2024. The Commission cited the Center's testimony (and publications) repeatedly in its 2024 report on access to counsel in Arkansas.[2]

6. Counsel for the Deason Center, including undersigned counsel who

---

[1] Brink, M.N., Metzger, P.R., Buetow, C., Cain, T., *Ending Arkansas' First Appearance Crisis*, Deason Criminal Justice Reform Center (May 2024), available at https://scholar.smu.edu/deasoncenter/12/.

[2] *The Right to Counsel in Arkansas*, Arkansas Advisory Committee to the U.S. Commission on Civil Rights (October 2024), available at https://www.usccr.gov/files/2024-11/2024-right-to-counsel-ar.pdf.

would present argument, have decades of experience directly representing criminal defendants, including at initial appearances in state and federal courts in multiple states.

7. The Deason Center has a substantial interest in the proper resolution of this appeal and is well-positioned to advise the Court on its practical consequences.

8. Counsel for plaintiffs-appellees consent to the Deason Center's request to participate in oral argument and have agreed to cede five minutes of plaintiffs-appellees' argument time to the Deason Center. Therefore, the Deason Center's participation in oral argument will not affect the overall time allotted for this case if this motion is granted.

9. Counsel for defendants-appellants do not object to the Deason Center's participation.

WHEREFORE, the Deason Criminal Justice Reform Center respectfully requests leave to participate in the oral argument of this appeal.

Respectfully submitted,

*/s/Pamela Metzger*
Pamela R. Metzger*
Malia N. Brink
Nathan Fennell
Deason Criminal Justice
Reform Center
SMU Dedman School of Law
P.O Box 750116
Dallas, TX 75275
214-768-2598
pmetzger@smu.edu

*Counsel for Amicus Curiae*
*\*Application for admission forthcoming*

## CERTIFICATE OF COMPLIANCE

I certify that the attached MOTION FOR THE DEASON CRIMINAL JUSTICE REFORM CENTER AS AMICUS CURIAE TO PARTICIPATE IN ORAL ARGUMENT:

(1) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because the motion, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), contains 475 words; and

(2) complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it meets the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 in 14-point Times New Roman font.

/s/ Nathan Fennell
NATHAN FENNELL
  Attorney

Date: August 28, 2025

# CERTIFICATE OF SERVICE

I certify that on August 28, 2025, I electronically filed the foregoing MOTION FOR THE DEASON CRIMINAL JUSTICE REFORM CENTER AS AMICUS CURIAE TO PARTICIPATE IN ORAL ARGUMENT with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Nathan Fennell
NATHAN FENNELL
  Attorney